UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
HENRY VALDEZ,                               :      CASE NO. 1:16-CV-02074
                                            :
            Petitioner,                     :
                                            :
vs.                                         :      OPINION & ORDER
                                            :      [Resolving Doc. No. 1 ]
JASON BUNTING,                              :
                                            :
            Respondent.                     :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Henry Valdez filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  He is currently incarcerated in the Marion Correctional Institution, having been convicted in 2011 of rape and gross sexual imposition.  He was sentenced to consecutive terms of ten years for rape and four years for gross sexual imposition.  As grounds for his habeas petition, he claims: (1) the trial court lacked subject matter jurisdiction, denying him due process and equal protection; (2) the trial court did not advise him of his right to appeal; and (3) the trial court sentenced him to consecutive terms without making the requisite findings required by Ohio Revised Code § 2929.14.  For the reasons set forth below, the action is dismissed without prejudice for failure to exhaust state court remedies.

Petitioner also filed a Motion to Proceed *In Forma Pauperis*.[1]  That Motion is granted.

---

[1] Doc No. 2.

## I. Background

Petitioner was sentenced for rape and gross sexual imposition on October 13, 2011. He filed a Motion to Vacate his Conviction in the trial court on June 17, 2014 asserting the claims he raises in this Petition, but the Motion was denied. He appealed that decision to the Ohio Ninth District Court of Appeals, but the appeal was denied. The Ohio Appellate Court informed Petitioner he should have asserted his claims on direct appeal. He filed a Motion for Delayed Appeal in the Ninth District Court of Appeals. That Motion is still pending.

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to Habeas Corpus Petitions filed after that effective date.[2] When reviewing a Petition for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court, this Court must presume any decisions by the state court on issues of fact are correct.[3] A federal court, therefore, may not grant habeas relief on any claim that was decided on the merits in any state court unless the state court decision either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[4]

---

[2] *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

[3] *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008).

[4] 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

In addition, a federal court may not grant a Petition for a Writ of Habeas Corpus filed by a person in state custody unless he or she has exhausted the remedies available in the state courts.[5] The exhaustion requirement is fulfilled when the state supreme court provides the Petitioner with a full and fair opportunity to review his or her claims on the merits.[6] To be properly exhausted, each claim must have been "fairly presented" to the state courts, meaning that the state courts must be given the opportunity to see both the factual and legal basis for each claim.[7] The claims must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law,[8] and must be presented to the state courts under the same legal theory in which it is later presented in federal court.[9]

In this case, Petitioner filed a Motion for Delayed Appeal in which he raises the issues set forth in his Petition, and which is pending in the Ohio Ninth District Court of Appeals. Without regard to the potential merits of the grounds of his Petition, Petitioner has not yet exhausted his state court remedies. This Petition is premature.

---

[5] 28 U.S.C. § 2254(a) &(b)(1); *Rose v. Lundy*, 455 U.S. 509 (1982). *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994).

[6] . *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

[7] *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003).

[8] *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).

[9] *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

**IV. Conclusion**

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Dated: September 27, 2016           *s/   James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE